UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL DE JESUS LOPEZ,<br><br>                    Petitioner,<br><br>        v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>                    Respondent. | CASE NO. C20-1341-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner seeks release from Immigration and Customs Enforcement (ICE) detention under 28 U.S.C. § 2241. Dkt. 1. Petitioner contends his detention at the Northwest ICE Processing Center (NWIPC) since March 27, 2020 violates his due process and equal protection rights because he has not been afforded a bond hearing and due to the impact of COVID-19 on conditions of confinement at NWIPC. *Id.*

The government argues the Court should reject petitioner's COVID-19 claim because petitioner fails to establish the measures NWIPC has taken to address COVID-19 are insufficient or violate petitioner's rights. In support the government submitted the declaration of Sheri Malakhova, M.D. and Drew Bostick. Dkt. 7, Ex. 1 and 2. Petitioner contends detention centers are inherently unsafe in the current COVID-19 pandemic and that he should be released because he tested positive for TB in 2011. Dkt. 1, Ex. 1.

REPORT AND RECOMMENDATION - 1

The Court finds petitioner has not shown the conditions of detention violate his rights. The health precautions outlined in the declarations of Mr. Bostick and Dr. Malakhova regarding the steps respondents have taken to prevent the introduction of COVID-19 into the general population at NWIPC and to prevent its spread between units should it be introduced, establishes petitioner has not met his burden of proof to establish a substantial risk of serious harm due to the current conditions of detention at NWIPC.

The Court has considered petitioner's contention that he has a prior positive test for TB in 2011 and his suggestion that this therefore makes him particularly vulnerable to the impact of COVID-19. However, he was last treated for TB in 2012 and he presents no evidence he continues to suffer any respiratory consequences from his prior illness or that he receives continued treatment. Petitioner submitted a letter from Jessica Merlin, M.D. Dkt. 1, EX. 1 at 64. But Dr. Merlin indicated she has never examined petitioner. She states she has reviewed medical records but does not indicate those records establish petitioner is at a high risk in regard to COVID-19. Dr. Merlin also indicates detention centers in general may create health concerns in regard to COVID-19 but makes no comment regarding the specific conditions at NWICP and whether those conditions are deficient and provides nothing contradicting the declarations of Mr. Bostick or Dr. Malakhova.

The government indicates they are aware petitioner reported testing positive for TB in the past. Consequently, on March 27, 2020 when he was admitted at NWIPC, x-rays were taken as a precaution due to the TB history. The chest x-rays were negative for signs of TB and plaintiff has not sought medical attention for any respiratory illness or other chronic medical problem since his arrival at the NWIPC. *See* Dkt. 12, Malakhova Decl at 12. Dr. Malakhova also indicates petitioner was tested for COVID-19 on June 2, 2020 and on October 2, 2020 and both tests were

REPORT AND RECOMMENDATION - 2

negative. Dr. Malkhova concludes based upon the above treatment history that petitioner is not at a higher risk of serious illness due to COVID-19.

In short, the Court concludes petitioner has failed to establish the conditions at NWIPC violate his constitutional rights or that he is peculiarly vulnerable to the effects of COVID-19. The Court therefore recommends denying petitioner's claim he should be released because COVID-19 at NWIPC violates his constitutional rights.

The government also argues the Court should reject petitioner's claim he has not been afforded a bond hearing because he was in fact afforded a bond hearing on October 20, 2020. Petitioner is a citizen of Mexico and has convictions for forgery in the second degree, carrying a concealed firearm, possession of methamphetamine, Robbery in the first degree, Delivery of Methamphetamine, possession of methamphetamine and Failing to appear. Dkt. 7.

Petitioner has been in ICE custody since March 27, 2020. He was served notice of intent to issue a final administrative order. He then expressed fear of return. A hearing officer found petitioner did not establish reasonable fear. Petitioner appealed and the immigration judge concurred with the hearing officer's finding. Petitioner subsequently filed a petition for review with the Circuit Court of Appeals and that Court issued a temporary stay of removal. The government contends petitioner will be expeditiously removed to Mexico once the stay is lifted.

On October 20, 2020 the IJ conducted a bond hearing and denied bond. Dkt. 10. As petitioner's request for a bond hearing has been fulfilled, there is no basis for the Court to order the government to provide a bond hearing at this point and the petition should be denied and dismissed.

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus under § 2241 be DENIED and that the petition be dismissed with PREJUDICE.

REPORT AND RECOMMENDATION - 3

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Petitioner should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 12, 2020.** The Clerk shall note the matter for **November 13, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 5 pages. The failure to timely object may affect the right to appeal.

DATED this 29th day of October, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge