UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL DE JESUS LOPEZ,<br><br>               Petitioner,<br><br>   v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>               Respondent. | CASE NO. C20-1341-RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

## I.    INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #11. Plaintiff Daniel De Jesus Lopez, proceeding pro se, seeks release from Immigration and Customs Enforcement ("ICE") detention under 28 U.S.C. § 2241. Dkt. #1. The R & R recommends denial of Petitioner's petition for writ of habeas corpus and dismissal. Dkt. #11. Having considered Petitioner's habeas petition, Petitioner's Objections, Dkt. #18, and the remainder of the record, the Court approves and adopts the R & R as set forth below.

## II.    BACKGROUND

Mr. De Jesus Lopez is a 32-year-old Mexican citizen who entered the United States at an unknown date. *See* Dkt. #1 at 8, Dkt. #1-1 at 3. Between 2007 and 2010, Petitioner was convicted

of several crimes in the United States, including forgery, carrying a concealed firearm, possession of methamphetamine, robbery, delivery of methamphetamine, and failure to appear. Dkt. #7-2 at ¶ 83. Petitioner was transferred into ICE custody on March 27, 2020 and has remained at the Northwest Detention Center in Tacoma, Washington ("NWIPC") since that time. Dkt. #1 at 2. Petitioner's removal is temporarily stayed because his asylum case is pending before the Ninth Circuit. *Id.*; Dkt. #7-2 at ¶ 87.

On September 2, 2020, Mr. De Jesus Lopez filed a petition for writ of habeas corpus in the U.S. District Court for the Western District of Washington, requesting immediate release from detention on the basis that (1) his continued detention without a bond hearing is unlawful; and (2) he faces high risk of severe illness from COVID-19 due to a pre-existing medical condition in violation of his Fifth Amendment rights. Dkt. #1.

On September 23, 2020, Petitioner attended a bond hearing pursuant to *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020), to determine if he should be released on bond. *Id.* at ¶ 88. The immigration judge did not reach the merits of Petitioner's bond determination and granted a continuance until October 6, 2020 to allow Petitioner to find an attorney and obtain additional evidence. *Id.* Due to a medical quarantine in Petitioner's housing unit, his bond hearing was continued. *Id.* at ¶¶ 89-90. On October 20, 2020, Immigration Judge Tammy L. Fitting ("the IJ") determined that Petitioner is both a danger to the community and a flight risk, and denied bond and conditional release. Dkt. #10-1 at 1. Petitioner reserved appeal to the Board of Immigration Appeals ("BIA"). *Id.*

On October 29, 2020, Judge Tsuchida issued an R & R recommending denial of Petitioner's habeas petition, on the basis that (1) Petitioner was afforded a bond hearing; and (2) Petitioner failed to establish that conditions at the NWIPC violate his constitutional rights or that

he is "peculiarly vulnerable" to the effects of COVID-19. Dkt. #11. On November 6, 2020, Petitioner filed Objections to the R & R. Dkt. #18.

## III. DISCUSSION

### A. Legal Standard

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Petitioner objects to the R & R on several bases: (1) he was not afforded the opportunity to respond to the Government's return memorandum; (2) his October 20, 2020 *Aleman* bond hearing was constitutionally deficient; (3) the R & R erred in its analysis of his Fifth Amendment claims, because it relied on declarations from officials working for the Government—not an independent investigator—regarding conditions at the NWIPC; and (4) the Government and the R & R failed to address Claims 3 and 4 in his habeas petition. The Court will address each argument in turn.

### B. Response to Government's Return Memorandum

First, Petitioner objects to the R & R on the basis that he was not afforded the chance to respond to the Government's Return Memorandum and Motion to Dismiss. Dkt. #18 at 1. Pursuant to the September 11, 2020 Order for Return and Status Report in this matter, the Government's motion to dismiss was noted for November 6, 2020, with Petitioner's deadline to file a response set for November 2, 2020. Dkt. #5. The R & R in this matter was entered on

October 29, 2020. Dkt. #11. After the R & R was entered, Petitioner filed several motions dated November 2, 2020, that were timely under the initial case deadlines. *See* Dkt. #5 at 2. These motions include a request for additional time to respond to the Government's return memorandum, Dkt. #14, request for appointment of counsel, Dkt. #13, request for an independent investigator, Dkt. #15, and two motions to strike, Dkts. #16, #17. On November 27, 2020, Petitioner filed an emergency motion for release that provides additional information on his claims related to COVID-19 at the NWIPC. Dkt. #19.

While Petitioner is correct that the R & R was entered prior to Petitioner's November 2, 2020 response deadline, the district court will now consider, in addition to his Objections, Petitioner's November 2, 2020 motions and November 27, 2020 filing and attached exhibits. *See* Dkts. ##13-17, 19. Thus, to the extent Petitioner objects that he was not afforded the opportunity to respond and that Judge Tsuchida failed to consider his motions to strike and motion for an independent investigator, *see* Dkt. #18 at 2, the district court's consideration of these filings cures this deficiency. Having considered Petitioner's arguments and evidence raised in these responsive motions, his Objections, and his November 27, 2020 filing, the Court finds no error in the R & R's conclusions for the reasons set forth below.

**C. Bond Hearing**

Petitioner does not dispute that he was provided a bond hearing on October 20, 2020, but objects that "the protocols and due process set by the higher courts in *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011); and *Ngo v. INS*, 192 F.3d 390, 398 (3d Cir. 1999) and *Aleman* were not followed and considered[.]" Dkt. #18 at 3. Petitioner also objects that the IJ failed to consider the recency of his criminal convictions and recent Supreme Court precedent in *Ramos v. Louisiana* that invalidated his criminal convictions in Oregon state court. *Id.* (citing 140 S. Ct. 1390 (2020)).

Furthermore, Petitioner objects on the basis that he submitted numerous exhibits demonstrating his commitment to being a law-abiding member of society, and the IJ denying him bond shows that the IJ "prejudged petitioner, was bias[ed], did not consider the many more factors that petitioner submitted" and that "[t]he hearing was a sham." *Id.* at 4.

Notwithstanding Petitioner's objections, a district court lacks jurisdiction to review an IJ's bond decision until the petitioner has exhausted his administrative remedies. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th Cir. 2003) (a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"); *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[Petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper."). Here, Petitioner's appeal is pending before the BIA. *See* Dkt. #10-1 (setting deadline to appeal for November 19, 2020). Accordingly, now that Petitioner has been provided a bond hearing, the Court finds no error in the R & R's conclusion that dismissal is appropriate given that "there is no basis for the Court to order the government to provide a bond hearing at this point . . . ." Dkt. #11 at 3.

**D. Fifth Amendment Violations based on COVID-19 Risk**

Next, the Court considers Petitioner's argument that immediate release from NWIPC is warranted to protect his Fifth Amendment rights due to the serious risk of harm he faces from COVID-19. *See* Dkt. #1 at 10-15. Considering the complete record before the Court, including Petitioner's November 2, 2020 responsive motions, his November 6, 2020 Objections, and his November 27, 2020 motion for release due to his COVID-19 risk, the Court finds no error in the R & R's conclusion that Petitioner has failed to demonstrate a basis for release from NWIPC based on the COVID-19 pandemic.

At issue is whether the conditions at the NWIPC violate Petitioner's Fifth Amendment[1] substantive due process rights to (i) reasonably safe conditions of confinement and (ii) conditions that do not amount to punishment. In recommending denial of relief, the R & R found Petitioner's arguments that detention centers are inherently unsafe during the COVID-19 pandemic and that he should be released based on a positive tuberculosis ("TB") test in 2011 were insufficient to demonstrate Fifth Amendment violations. Considering the entirety of the record, the Court agrees with the R & R's conclusion.

i.  Right to Reasonably Safe Conditions

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989).[2] The government thus violates the Due Process Clause if it fails to provide civil detainees with "food, clothing, shelter, medical care, and reasonable safety." *Id.* at 200. "The Ninth Circuit has analyzed such conditions of confinement claims under an objective deliberate indifference standard." *Pimentel-Estrada v. Barr* ("*Pimentel-Estrada II*"), 464 F. Supp. 3d 1225, 1234 (W.D. Wash.2020) (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (adopting objective deliberate indifference standard based on *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2446 (2015), to evaluate failure to protect claim brought by pretrial detainee)). To demonstrate objective deliberate indifference, Petitioner must show:

> (i) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

---

[1] As a federal civil detainee, Petitioner is protected by the Fifth Amendment. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

[2] In *DeShaney*, the Supreme Court analyzed the petitioners' rights under the Fourteenth Amendment. *See DeShaney*, 489 U.S. at 194–95. Fifth Amendment due process claims and Fourteenth Amendment due process claims are analyzed in the same way. *See Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976).

      (ii) Those conditions put the plaintiff at substantial risk of suffering serious harm;

      (iii) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

      (iv) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071. With respect to the third element, Respondents' conduct must be "objectively unreasonable, a test that will necessarily 'turn on the facts and circumstances of each particular case.'" *Id*. (quoting *Kingsley*, 135 S. Ct. at 2473) (alterations and internal quotation marks omitted). Objective unreasonableness requires "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoted source omitted).

      None of the documents filed after entry of the R & R, including Petitioner's November 2, 2020 motions, his Objections, and the November 27, 2020 motion for emergency relief, demonstrate error in the R & R's conclusion that Petitioner has failed to establish a substantial risk of serious harm due to current conditions at NWIPC. As an initial matter, none of these filings meaningfully rebut the Bostock and Malakhova declarations, which describe the various measures NWIPC has implemented to prevent the introduction of COVID-19 into the general population and to prevent its spread between units. *See* Dkts. #7-1, #7-2. Instead, Petitioner moved to appoint an independent investigator, Dkt. #15, and to strike both declarations on the basis that Malakhova and Bostock are both officials working for the Government and therefore have conflicts of interest "that can be unfairly prejudicial to the partiality determination and prejudicial to the outcome of the present case." Dkt. #16 at ¶ 2; *see also* Dkt. #17. For the reasons set forth below, the Court finds no basis for granting these motions.

      Regarding his Motions to Strike, Dkts. ##16, 17, Petitioner cites to Fed. R. Civ. P. 12(f) and Fed. R. Evid. 403 as bases for striking the declarations. However, neither rule is applicable

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 7

1 here. Rule 12 provides that a court may strike from a pleading an insufficient defense or

2 "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 403

3 provides that relevant evidence may be excluded if its probative value is "substantially outweighed

4 by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

5 jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.

6 403. Here, Petitioner argues that the declarations should be stricken because courts assessing

7 conditions at the NWIPC have identified inconsistencies between declarations from detainees and

8 declarations from ICE employees. *See* Dkt. #16 at ¶ 3, Dkt. #17 at ¶ 3 (citing *Dawson v. Asher*,

9 No. C20-0409JLR-MAT, 2020 WL 1704324, at *5 (W.D. Wash. Apr. 8, 2020). However, while

10 the *Dawson* court acknowledged that "parties filed contrasting evidence regarding detainees'

11 ability to engage in physical distancing" and the specific conditions at the NWIPC, *id.* at *6, it did

12 not strike any evidence based on conflicting facts. The Court finds no basis to strike the

13 declarations due to the possibility of conflicting evidence and therefore DENIES both motions.

14 Turning to Petitioner's Motion to Appoint an Independent Investigator, Dkt. #15, the Court

15 does not find sufficient need to justify an appointment. In support of his motion, Petitioner cites

16 to a recent order from the U.S. District Court for the Central District of California in *Roman v.*

17 *Wolf*, which is a class action lawsuit of detainees challenging conditions at the Adelanto

18 Immigration and Customs Processing Center in Adelanto, California. *See* Dkt. #18 at 2. The order

19 chastises the Government for lack of candor and "tacit acknowledgment that the housing

20 information it provided to the Court and Class Counsel was not necessarily accurate" and

21 contemplates appointment of a Special Master. *Roman v. Wolf*, No. ED CV 20-00768 TJH, 2020

22 WL 6107069, at *2 (C.D. Cal. Oct. 15, 2020). While the *Roman* order raises a troubling issue, the

23 court in that matter admitted "[i]t is rare that a Court is presented with direct evidence of

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 8

dishonesty." Here, Petitioner has not presented the Court with any evidence of dishonesty or lack of candor by the Government regarding conditions at the NWIPC, nor is the Court aware of such issues related to reporting of conditions at the NWIPC. On the contrary, courts in this district have authorized factual discovery of on-site conditions at the facility rather than resorting to the drastic remedy of appointing a Special Master or independent investigator. *See, e.g.*, *Castañeda Juarez v. Asher*, No. C20-0700JLR (November 24, 2020, W.D. Wash), Dkt. #161 (Order granting discovery through on-site inspection of NWIPC). For these reasons, Petitioner's motion to appoint an independent investigator, Dkt. #15, is DENIED.

Plaintiff's Objections and November 27, 2020 motion likewise provide no meaningful rebuttal of the Malakhova and Bostock Declarations. His objections that the R & R failed to consider his motions to strike are unavailing, given that the Court has now considered and denied these motions as set forth above. *See* Dkt. #18 at 2. Petitioner further objects that the R & R failed to consider "that the reasons that petition was tested . . . was not because of the Respondents' own goodwill – but because the Respondent exposed petitioner and many other to the dangerous virus and had to shut down petitioner's unit numerous [] times because of possible infections and an outbreak." *Id.* at 3. As Respondents explain, Petitioner was tested for COVID-19 on October 2, 2020 following one staff member's positive test. *See* Dkt. #7-1 at ¶¶ 58-59. In his November 27, 2020 emergency motion, Petitioner also attaches two exhibits: a newspaper article reporting nationwide COVID-19 cases and a report that a third staff member at NWIPC has tested positive. *See* Dkts. #19-2, #19-4. The Court does not find these reports of positive tests from NWIPC staff sufficient, on their own, to indicate that general conditions at NWIPC pose a substantial risk of serious harm to Petitioner.

In addition to the general conditions at the NWIPC, the Court must also consider the

individual degree of risk posed to Petitioner.  While he insists that his 2011 TB diagnosis places him at heightened risk of severe illness, Dkt. #1 at 10, the R & R correctly observed that Petitioner presents no evidence of a current TB diagnosis.  Dkt. #11 at 2.  Indeed, a letter dated June 23, 2020 from the Northwest Immigrant Rights Project attached to Petitioner's November 27, 2020 motion clarifies that his TB is inactive. *See* Dkt. #19-1 at 30.  Furthermore, as Petitioner's health records indicate, he completed a treatment regimen for latent TB on January 12, 2012.  Dkt. #1-1 at 61-62.  Respondents also administered a chest x-ray on March 27, 2020 as a precaution and found the x-ray negative for signs of TB. Dkt. #7-1 at ¶ 12. While Petitioner claims that his past TB diagnosis places him in danger of serious illness in the event he contracts COVID-19, the U.S. Centers for Disease Control and Prevention ("CDC") has not identified latent TB as a condition increasing one's risk of severe illness.  *See* U.S. Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019-COVID*, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020) ("CDC Guidelines").[3]

For these reasons, having considered Petitioner's medical condition and the precautions Respondents have taken to prevent the introduction of COVID-19 into the general population and to prevent its spread between units should it be introduced, the Court concludes that Petitioner has not met his burden of establishing that he faces a substantial risk of serious harm due to the current conditions of his detention. Because Petitioner has not established this essential element of his Fifth Amendment reasonable safety claim, the Court need not consider the remaining elements.

//

---

[3] Pursuant to Fed. R. Evid. 201(c)(1), the Court takes judicial notice *sua sponte* of public records related to the COVID-19 health crisis, including documents available through government agency websites. *Gustavson v. Wrigley Sales Co.*, No. 12-CV-01861-LHK, 2014 WL 60197, at *3 (N.D. Cal. Jan. 7, 2014).

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 10

        ii.        Conditions Amounting to Punishment

To evaluate the constitutionality of a pretrial detention condition under the Fifth Amendment, a district court must determine whether those conditions "amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Kingsley*, 135 S. Ct. at 2473–74 (2015). Punishment may be shown through an express intent to punish or a restriction or condition that "is not reasonably related to a legitimate governmental objective." *Bell*, 441 U.S. at 539; *see also Kingsley*, 135 S. Ct. at 2473–74 (clarifying that "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose"). The Supreme Court has recognized a legitimate government interest in ensuring that noncitizens appear for their removal or deportation proceedings and protecting the community from harm. See *Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 836 (2018). Given that the Court cannot conclude that the current conditions of Petitioner's detention place him at substantial risk of serious harm, it cannot conclude that Petitioner's detention amounts to governmental action "not rationally related to a legitimate governmental objective or that is excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473–74 (2015).

**E. Claims Three and Four in Habeas Petition**

Finally, Petitioner objects that the Government and the R & R failed to address Claims 3 and 4 in his habeas petition. Claims 3 states that "Petitioner is entitled to a constitutional due process procedure and trial before conviction and removal of freedom." Dkt. #1 at 16. Petitioner also argues that his detention and possible deportation entitle him "to a due process hearing and jury trial regarding his continued incarceration and deportation" and requests that "the Court issues orders that does substantial justice." *Id.* at 19. As an initial matter, the Court finds Petitioner's

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 11

due process-related claims duplicative of his Fifth Amendment claims, which were considered and addressed as set forth above. *See* § III(D), *supra*. Petitioner also raises Fourth, Sixth, and Eighth Amendment claims, which apply to criminal cases and are therefore inapplicable here. *See id.* at 17. Lastly, to the extent Petitioner requests a jury trial related to his immigration proceedings pursuant to the Seventh Amendment, the Court finds no cognizable basis to grant such relief.

Finally, Petitioner's fourth claim reads, "In a quasi criminal proceeding, Petitioner is entitled to assistance of counsel where incarceration, freedom, and deportation punishment as penalty is at stake." Dkt. #1 at 19. Claim 4 appears duplicative of his motion to appoint counsel, which the Court addressed in its October 13, 2020 order. *See* Dkt. #8 at 1 ("There is no constitutional right to appointment of counsel in § 2241 habeas actions; however, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the 'interests of justice so require.' . . . . Having carefully reviewed the record and considered both factors, the Court concludes that the interests of justice do not require the appointment of counsel in this case.") (quoting 18 U.S.C. § 3006A(a)(2)(B)). While Petitioner raises this issue again in his Objections and in a successive motion to appoint counsel, Dkt. #13, the Court's previous determination on this matter does not warrant further consideration.

For these reasons, given that Claims 3 and 4 are either duplicative of other claims or motions or without legal basis, the Court finds no error in the R & R's treatment of these claims.

### IV. CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, and the balance of the record, and Court finds and ORDERS:

(1) Petitioner's Motion to Request an Independent Investigator, Dkt. #15, and Petitioner's Motions to Strike and Disqualify Government's Declarations, Dkts. #16, #17, are DENIED.

(2) The Report and Recommendation, Dkt. #11, is ADOPTED.

(3) Petitioner's habeas petition, Dkt. #1, is DENIED and this case is DISMISSED with prejudice.

(4) All remaining pending motions in this matter are DENIED as moot.

(5) The Clerk is directed to send copies of this Order to the parties.

Dated this 3rd day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE